E-FILED
Friday, 09 August, 2013  01:20:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

DARRYL JACKSON,                )
    Plaintiff,                         )
                                              )
    vs.                                   )            12-2255
                                              )
DIRECTOR GODINEZ, et al.    )
    Defendants.                     )

## OPINION

This cause is before the Court for consideration of the Defendants' Motions for Summary Judgment on the issue of exhaustion of administrative remedies [d/e 30]. Plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated at Danville Correctional Center. On October 15, 2012, the Court conducted a merit review of Plaintiff's Complaint and found that Plaintiff adequately alleged that his constitutional rights were being violated for denial of a religious diet. *See* October 15, 2012 Minute Entry.

## I. FACTS

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 et seq. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Plaintiff filed a grievance and received a response to that grievance from the Administrative Review Board (ARB) relating to the denial of his religious diet request while he was incarcerated at East Moline Correctional Center. The ARB has no record that Plaintiff submitted a grievance in compliance with departmental rules regarding his allegations that he was denied a religious diet while at Danville Correctional Center.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(1)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. *Id*.; *Harvey v. Town of Merrillville,* 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment*." McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.*

## III. ANALYSIS

The Defendants state they are entitled to summary judgment because the Plaintiff did not properly exhaust his administrative remedies as to the alleged denial of a religious diet while at Danville Correctional Center. The Prison Litigation Reform Act (herein PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The undisputed evidence does show that the ARB did not receive a grievance from Plaintiff regarding the alleged denial of a religious diet while he was incarcerated at Danville Correctional Center. There is a question, however, as to whether administrative remedies were truly "available" to Plaintiff. 42 U.S.C. § 1997e(a). The PLRA does not define "availability" for purposes of the exhaustion requirement. However, the Seventh Circuit has held that the

"availability of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009), quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). For example, if a prison requires grievances to be filed on a particular form, but does not make that form available, the process is unavailable. *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). In addition, threatening a prisoner with violence for attempting to file a grievance makes the process unavailable. *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004). Similarly, if a prisoner is told he must wait to file, and that wait makes his grievance untimely, the process in unavailable. *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002). And prison officials who fail to respond to grievances also render the grievance process unavailable to an inmate. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

The Defendants argue that the ARB records include just one grievance filed by Plaintiff regarding the denial of his religious diet request, but that the grievance pertained to his efforts to obtain the diet at East Moline Correctional Center. They say that because Plaintiff did not send grievances to the ARB regarding his efforts to obtain a religious diet at Danville Correctional Center, he failed to exhaust his administrative remedies prior to filing this suit. Plaintiff says that after pursuing the matter with his grievance counselor, his grievance officer, Defendant Laker, sent Plaintiff's grievance back to him, and denied the grievance by refusing to process it.[1] Therefore, Plaintiff says he has done all that is reasonable to exhaust all available administrative remedies where he has been impermissible procedurally "mousetrapped." Defendants do not address Plaintiff's contentions that he did submit a grievance regarding the denial of his request for a religious diet at Danville Correctional Center and that the Grievance Officer refused to process it.

Plaintiff's Exhibit B attached to his Complaint, and relied upon by him in support of his Response to Defendants' Motion for Summary Judgment, is a Memorandum dated August 30, 2012 from Grievance Officer Defendant Laker. The subject line states "grievance – Religious diet." The Memorandum indicates that the attached grievance was being returned for the reason that the "Issue has been previously address [sic] on 7/22/10. No justification for further consideration." Also, there is a handwritten arrow pointing to the 7/22/10 date with a note which provides, "grievance at East Moline & then the appeal to the ARB."

Defendants rely heavily upon the fact that the ARB did not receive a grievance from Plaintiff regarding his denied request for a religious diet while at Danville Correctional Center. However, viewing the evidence in the light most favorable to Plaintiff, it does indeed appear that he was unable to exhaust his grievance regarding his denied request for a religious diet *at Danville* due to Grievance Officer Laker's determination that the issue had been previously addressed and would not be considered further, and was not due to any failing on Plaintiff's part. Notably, Defendants' emphasis upon grievances being filed at East Moline Correctional Center versus Danville Correctional Center appears misplaced where the Memorandum cites to

---

[1] Plaintiff says Defendant Grievance Officer Laker sent Plaintiff the "Attached Exhibit B" denying Plaintiff's grievance by refusing to process it, but the Court notes that no such Exhibit B is attached. However, in his Complaint, Plaintiff made reference to Exhibit B and did attach it then. See Document 1-1 at p. 2.

3

Plaintiff's grievance at East Moline in support of the decision to consider Plaintiff's Danville grievance no further.  Thus, the Court finds that Defendants have not sustained their burden on summary judgment, and so Plaintiff's case may proceed.  *See Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) ("The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving.").

**IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is DENIED [d/e 30].  The Court will set scheduling deadlines in a separate order.**

Entered this 8th day of August, 2013.

s/ David G. Bernthal
_____
DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE